JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Robert Krizek and Navelle Krizek

**(b)** County of Residence of First Listed Plaintiff  Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Richard B. Bateman, Jr., ESQ.
113 N. Olive Street, First Floor
Media, PA 19063; 610-566-3322

## DEFENDANTS
State Farm Mutual Automobile Insurance Company d/b/a State Farm

County of Residence of First Listed Defendant  McLean
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | **PERSONAL INJURY** | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 720 Labor/Management Relations | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 751 Family and Medical Leave Act | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 791 Employee Retirement Income Security Act | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **SOCIAL SECURITY** | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 861 HIA (1395ff) | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 862 Black Lung (923) | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 550 Civil Rights | ☐ 863 DIWC/DIWW (405(g)) | |
| | | ☐ 555 Prison Condition | ☐ 864 SSID Title XVI | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 865 RSI (405(g)) | |
| | | | **FEDERAL TAX SUITS** | |
| | | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:
Underinsured Motorist Benefits (Breach of Contract)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $ in excess of $75,000
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE  4/21/2026
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Robert Krizek
and
Narelle Krizek                    :         CIVIL ACTION
               v.                  :
State Farm Mutual Automobile       :
Insurance Company d/b/a            :         NO.
          State Farm

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.            (X)

O 4/21/2026                                                          Plantiffs
**Date**                  **Attorney-at-law**                      **Attorney for**

610-566-3322      610-548-9986          rbateman@batemanlaw
                                                              office.com
**Telephone**             **FAX Number**              **E-Mail Address**

(Civ. 660) 10/02


American LegalNet, Inc.
www.FormsWorkFlow.com

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Conestoga Rd.+ Maplewood Drive, Radnor Twn., Delaware County, Pennsylvania

*RELATED CASE IF ANY:*  Case Number: N/A   Judge: _____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?
If yes, attach an explanation.    Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.  Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B.  Diversity Jurisdiction Cases:*

☒ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases:  *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

ROBERT KRIZEK                          :
   and
NARELLE KRIZEK (H/W)                   :
     Plaintiffs,                      No.
   VS.                                 :

                                   **JURY TRIAL DEMANDED**

STATE FARM MUTUAL AUTOMOBILE           :
INSURANCE COMPANY d/b/a STATE FARM
     Defendant.                       :

---

## CIVIL ACTION COMPLAINT

COMES NOW, Plaintiffs, ROBERT KRIZEK and NARELLE KRIZEK (H/W) by counsel, and complains of defendants as follows:

### JURISDICTION

1. This Court has federal jurisdiction over this matter pursuant to 28 U.S.C. § 1332, where the parties are citizen of different States and the amount in controversy is in excess of $75,000.00.

### PARTIES

2. Plaintiff, ROBERT KRIZEK, is an adult individual residing at 136 W. Wayne Avenue, Wayne, Pennsylvania 19087.

3. Plaintiff, NARELLE KRIZEK, is an adult individual residing at 136 W. Wayne Avenue, Wayne, Pennsylvania, PA 19087.

4. Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, d/b/a STATE FARM, is a corporation incorporated in the

1

State of Illinois with a principal place of business located at One State Farm Plaza, Bloomington, Illinois 61710.

5.    At all times material hereto, Plaintiffs Robert Krizek and Narelle Krizek are married and have been married as husband and wife, being married on September 1, 2000.

6.    At all times material hereto, Plaintiffs Robert and Narelle Krizek resided at 136 W. Wayane Avenue, Wayne, Pennsylvania 19087 and purchased an automobile insurance policy from Defendant State Farm.

## BACKGROUND FACTS

7.    At all times material hereto, Plaintiff, ROBERT KRIZEK was a named automobile insured with Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, d/b/a STATE FARM on a policy of Insurance with a Policy Number 183 535 0199-A24-38B (Exhibit "A").

8.    At all times material hereto, Plaintiff Robert Krizek was involved in a serious motor vehicle accident while operating his motor vehicle as he was traveling East on Conestoga Road with no traffic control devices for him on or about January 20, 2023, at approximately 11:31 a.m., when he was struck head on by another motor vehicle who had a stop sign at the T-intersection of Conestoga Road and Maplewood Road in Radnor Township, Delaware County, Commonwealth of Pennsylvania.

2

9. At the time and place stated above, Plaintiff Robert Krizek, was lawfully and carefully operating his motor vehicle, a 2015 Volkswagen TDI Golf with a Pennsylvania License Plate Number of LXE2505 at the T-intersection of Conestoga Road and Maplewood Road, in Radnor Township, Delaware County, Commonwealth of Pennsylvania.

10. The other vehicle, a 2015 Blue Honda vehicle was at fault by violently striking the front end of Plaintiff's vehicle in the subject accident by failing to check her surrounding before attempting to make a left hand turn onto Conestoga Road when it was being owned and operated by Susan Katz wherein said vehicle failed to have sufficient liability coverage for the damages caused in the subject accident.

11. Defendant, State Farm, conducts business in Pennsylvania and is duly authorized to write automobile liability insurance policies in every county in these States.

## COUNT I - NEGLIGENCE

12. Plaintiffs incorporates paragraphs one (1) through eleven (11) above as though said paragraphs were fully set forth at length herein.

13. On January 20, 2023, Susan Katz had a duty to operate her motor vehicle with reasonable care and with due regard for others using the road. She breached that duty when she collided with the front end of the Plaintiff's vehicle at a high rate of

3

speed. She was driving a 2015 Blue Honda in a reckless and careless manner by failing to maintain proper control of the vehicle, causing the vehicle to violently strike the Plaintiff's vehicle in the front.

14.   The collision was caused solely by the negligence and lack of due care on the part of Susan Katz with no negligence on the part of the Plaintiff contributing thereto.

15.   As a direct and proximate cause of the accident, the Plaintiff has suffered serious and grave physical injuries and these injuries are permanent in nature and caused Plaintiff to suffer continuous pain since the day of the accident.

16.   As a further proximate result of the accident, the Plaintiff has been required and will continue to undergo medical care and numerous diagnostic procedures with associated pain and discomfort.

17.   As a further and proximate result of the accident, the Plaintiff has suffered, and will continue to suffer anxiety, fear, and emotional stress associated with the accident and his injuries. Specifically, as a direct result of the above referenced incident, Plaintiff, Robert Krizek sustained painful, severe and permanent injuries involving a concussion, loss of consciousness, headaches/migraines, neck pain, fatigue, left knee pain and swelling, chest pain, right pelvis/hip pain, inflammation, Vestibulo-Ocular dysfunction, mid-low back pain,

4

muscle spasms, whiplash, somatic dysfunction of thoracic, cervical, pelvic, rib, and head regions, difficulty breathing. Plaintiff suffered serious and permanent injuries.

18.   Plaintiff has trouble doing his daily activities such as daily work tasks, trouble remembering, sleeping, and difficulty concentrating; some or all of which may be permanent in nature and have created a serious impairment of bodily functions.

19.   As a further and proximate result of the accident the Plaintiff has incurred medical expenses and loss of employment income.

20.   A civil action was filed in Delaware County, Pennsylvania State Court against the tortfeasor Susan Katz and was resolved with the permission and consent of Defendant State Farm for the third-party settlement up to the policy limits of $100,000.00.

21.   Plaintiff has a claim for stacked underinsured motorist benefits on there (3) household vehicles of $250,000.00 each for a total amount of up to $750,000.00 in UIM claim benefits.

22.   Defendant State Farm has failed to resolve this claim with their coverage of up to $750,000.00 stacked UIM benefits for this loss on behalf of their insured Plaintiff, Robert

5

Krizek and Defendant State Farm has failed to pay Plaintiff fair compensation for his injuries.

23. Defendant State Farm stands in the shoes of the tortfeasor for damages sustained up to their limits of coverage.

24. At all times material hereto, Plaintiff Narelle Krizek was and continues to be the wife of Plaintiff Robert Krizek since and before the accident described herein and is entitles to the care, society, services, companionship, and consortium of her husband.

25. As a direct and reasonable result of the injuries suffered by her husband as aforesaid, Plaintiff Narelle Krizek has and will in the future continue to be deprived and suffer the loss of care, society, usual services, companionship, and consortium of her husband and has been further required to provide special services and care to him.

26. As a direct and proximal result of this accident, Plaintiff Narelle Krizek has been or will be obliged to incur various expenses in and about an effort to medically cure her husband, Robert Krizek, and she may be obliged to continue to spend such sums or to incur such expenditures for an indefinite time in the future.

27. Plaintiff Narelle Krizek is entitled to recover her claims against Defendant for the third-party liability of Susan Katz.

6

WHEREFORE, Plaintiffs, Robert Krizek and Narelle Krizek demand a judgment against Defendant State Farm for a dollar amount in excess of $75,000.00. This Court should also, if it deems appropriate, award costs, pre-judgment interest, and post-judgment interest.

## COUNT II - BREACH OF CONTRACT

28. Plaintiffs incorporates paragraphs one (1) through twenty-seven (27) above as though said paragraphs were fully set forth at length herein.

29. At the time of the accident, the vehicle operated and owned by Susan Katz, was underinsured, or in the alternative, that any insurance in force on the vehicle was not and is not, sufficient to provide adequate coverage for the claims asserted by the Plaintiff.

30. At the time of the accident, the Plaintiff had in force a policy of automobile insurance issued by Defendant, State Farm and said policy of insurance contained a provision for uninsured and underinsured motorist coverage which provided, among other things, insurance coverage for losses and damages sustained in accidents which were caused by the negligent operation of a vehicle by third persons, when that vehicle is uninsured and/or underinsured at the time of the accident, and the third person is not or does not otherwise have sufficient

7

coverage for the losses sustained. All conditions precedent have been performed for Plaintiff to receive fair compensation for his injuries from Defendant State Farm. No compensation has been paid by the insurance company Defendant State Farm.

31.  This failure to pay means that Defendant State Farm has breached its contractual duties with the Plaintiff and has failed to make any offer for sufficient payment under the Plaintiff's stacked underinsured motorist benefits of the Plaintiff's policy.

**WHEREFORE,** Plaintiffs, Robert Krizek and Narelle Krizek demand a judgment against Defendant State Farm for a dollar amount in excess of $75,000.00. This court should also, if it deems appropriate, award costs, pre-judgment interest, and post-judgment interest.

### Count III – BAD FAITH LIABILIY

32. Plaintiffs hereby incorporates by reference paragraphs one (1) through thirty-one (31) inclusive a though same were set forth in full at length.

33.  Defendants' conduct and actions repeatedly knowingly, intentionally, and willfully failing to pay the requested insurance benefits rightly due to Plaintiff and unreasonable delay constitutes bad faith under 42 Pa. C.S. Section 8371 on the part of Defendant toward its insured and/or policy holder

8

Plaintiff, Robert Krizek in that Defendant took payment for insurance premium and coverage.

34.  Defendant State Farm:

(a)  Failed to promptly and reasonably respond to Plaintiff's demands for prompt payment of Plaintiff's underinsured benefits;

(b)  Failed to offer sufficient underinsured benefits to Plaintiff, thereby compelling Plaintiff to institute filing of the within action and incur additional costs to recover those benefits rightly due to him;

(c)  Required Plaintiff and his counsel to needlessly expand additional time, expense, and effort in order to prepare for and proceed with the within action and hearing would not have been necessary if Defendant acted in good faith and promptly paid Plaintiff's benefits rightly due;

(d)  Failed and/or refused to pay the full amount of Plaintiff's insurance benefits and damages without a reasonable foundation to do so;

(e)  Forced Plaintiff to unnecessarily incur significant debt for his daily living expenses by failing to promptly pay insurance benefits that were rightly due;

(f)  Failed to acknowledge or act promptly upon written communication with respect to Plaintiff's claim under

9

the foregoing insurance policy;

(g)   Failed to adopt and implement reasonable standards for the prompt investigation and payment of the claims arising out of Plaintiff Robert Krizek's accident claim;

(h)   Failed to pay Plaintiff's claim within a reasonable time after supporting documentation had been prepared and forwarded to Defendant by Plaintiff's Counsel;

(i)   Failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim even though there was no issue as to Defendant's liability for the insurance benefits.

(j)   Failed to exercise the utmost good faith and discharge of its statutory and contractual duties of Plaintiff.

35.   In this action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

(1)   Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.

(2)   Award punitive damages against the insurer.

(3)   As a result of Defendants' bad faith conduct and actions, Plaintiff is entitled to recover in addition to his actual damages, additional damages for interest

10

on the entire amount of the loss benefits payable as documented by Plaintiff in the amount equal to the prime rate of interest plus three percent; punitive damages against Defendants; and reasonable counsel fees and Court costs incurred by Plaintiff in prosecuting this action.

**WHEREFORE**, Plaintiffs demand a judgment for a dollar amount in excess of $75,000.00 against Defendant State Farm as follows:

a. For general damages in an amount in excess of the UIM policy limits;

b. For special damages in an amount in excess of the UIM policy limits;

c. For punitive damages in an amount to be determined at trial;

d. For reasonable attorney's fees and costs of suit;

e. For interest at the statutory rate; and

For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Date: 4/21/2026

Richard B. Bateman, Jr., Esquire
113 N. Olive Street, First Floor
Media, PA 19063
610.566.3322 (tel)
610.548.9986 (fax)
rbateman@batemanlawoffice.com
Attorney for Plaintiffs

11